UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILIAN ALEXANDER LEIVA DUARTE,<br>Petitioner,<br>v.<br>KRISTI NOEM, et al.,<br>Respondents. | Case No. 8:26-cv-02010-FLA (AJR)<br><br>**ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKTS. 1-1, 6]** |

On February 17, 2026, Petitioner Wilian Alexander Leiva Duarte ("Petitioner," A# 209-434-021) filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("First Petition") and Ex Parte Application for Temporary Restraining Order ("First Application") in *Willian Alexander Leiva Duarte v. Kristi Noem*, Case No. 5:26-cv-00746-FLA (AJR) ("Case 26-746"). On March 10, 2026, the court granted Petitioner's First Application and enjoined Respondents from continuing to detain Petitioner unless he was provided with an individualized bond hearing before an immigration court, pursuant to 8 U.S.C. § 1226(a). Case 26-746, Dkt. 11.

Petitioner's bond hearing proceeded on April 9, 2026, at which time Petitioner agreed to leave the United States by August 7, 2026, in exchange for release on a

$10,000 bond. *Wilian Alexander Leiva-Duarte v. Ernesto Santacruz, Jr.*, Case No. 8:26-cv-02010-FLA (AJR) ("Case 26-2010"), Dkt. 1-6 ¶¶ 8–9.[1] The April 9, 2026 Order of the Immigration Judge states:

> Granted. It is ordered that [Petitioner] be:
>
> released from custody under bond of $10,000.00
>
> other: [Petitioner] agreed and the [Immigration Judge] order[ed] [Petitioner] to depart the United States on or before August 7, 2026, or be re-detained.
>
> Alternatives to Detention per DHS Discretion.

*Id.*, Dkt. 1-12 at 2. Petitioner waived appeal of the April 9, 2026 Order. *Id.* at 3.

On April 15, 2026, Petitioner filed a Motion to Dismiss the First Petition as Moot, requesting the court dismiss Case 26-746 as moot pursuant to Fed. R. Civ. P. 12(b)(1), in light of the April 9, 2026 bond hearing, because "[t]here [was] no ongoing or imminent harm that this [c]ourt [could] remedy through injunctive relief." Case 26-746, Dkt. 15 at 3. On April 19, 2026, the assigned Magistrate Judge found the Motion to Dismiss qualified as a request for voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i), and directed the clerk of court to close the action. *Id.*, Dkt. 16.

On July 27, 2026, Petitioner filed a second Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Second Petition," Case 26-2010, Dkt. 1), along with an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Second Application," Dkts. 1-1, 6). According to Petitioner, the condition in the April 9, 2026 Order that he "depart the United States on or before August 7, 2026 or be re-detained" is unlawful because "an

---

[1] Petitioner attests that, "[a]t the hearing, the option presented to [him] was to be released on a $10,000 bond on the condition that [he] agree to leave the United States by August 7, 2026, or to be detained again," and that "[he] agreed because [he] understood that if [he] did not agree, [he] would stay detained." Dkt. 1-6 ¶¶ 8–9. According to Petitioner, [he] did not understand that if [he] left the United States, [his] appeal at the Board [of Immigration Appeals] would automatically be withdrawn and [his] removal order would become final." *Id.* ¶ 8.

IJ's custody-redetermination jurisdiction extends to deciding whether a noncitizen should be detained or released, and on what terms reasonably calculated to ensure appearance and protect the community—not whether and when he must leave the country." *Id.*, Dkt. 1 ¶¶ 3–4. Petitioner further argues this condition forces him to forfeit his pending appeal of a 2021 removal order, "because his departure would 'constitute a withdrawal of the appeal' by operation of 8 C.F.R. § 1003.4." *Id.* ¶ 4. Petitioner expressly "does not challenge his release, the $10,000 bond (which has been posted, or his enrollment in [U.S. Immigration and Customs Enforcement's ('ICE')] Alternatives to Detention ('ATD') program." *Id.*, Dkt. 1 ¶ 6.

In the Second Application, Petitioner requests the court "temporarily restrain Respondents, their agents, and all persons acting in concert with them from: (1) enforcing the departure condition; (2) re-detaining Petitioner, revoking his release, or declaring his $10,000 bond breached or forfeited, based in whole or in part on his non-departure from the United States; and (3) removing Petitioner from the United States or compelling his departure while his appeal remains pending before the Board of Immigration Appeals and execution of his removal order is stayed by 8 C.F.R. § 1003.6(a)." Dkt. 1-1 at 2.

Ex parte applications are requests made to the court outside the framework of the ordinary rules for notice of a hearing. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). Ex parte applications do not offer the opposing party a fair opportunity to respond and are "rarely justified." *Id.* at 490–91. To obtain ex parte relief, a moving party must present evidence to show that the moving party's cause will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.

Petitioner does not offer any explanation for why he waited to file the Second Petition and Application until July 27, 2026—which was over three-and-one-half

months after the Immigration Judge issued the April 9, 2026 Order and less than two weeks before the date he agreed to depart the United States voluntarily. Case 26-2010, Dkts. 1, 1-1. Petitioner, likewise, does not present any facts to establish Petitioner "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *See Mission Power*, 883 F. Supp. at 490.[2]

The court, therefore, DENIES the Second Application for failure to establish good cause for ex parte relief.

IT IS SO ORDERED.

Dated: September 14, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[2] 8 U.S.C. § 1226(e) provides: "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." "That provision does not, however, preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quotation marks and citations omitted). "Claims that the discretionary bond process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of [28 U.S.C.] § 2241." *Id.* (cleaned up).

The court questions whether it has jurisdiction to consider the Second Petition under § 1226(e), given that Petitioner does not challenge the bond process itself or the favorable portion of the April 9, 2026 Order that granted his conditional release on bond, and challenges only the condition that he depart from the United States voluntarily, to which he agreed. Nevertheless, the court need not decide this question on the subject Second Application, as Petitioner fails to establish good cause for ex parte relief.