**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02010-FLA-AJR Date: September 15, 2026


Title: Wilian Alexander Leiva-Duarte v. Ernesto Santacruz, Jr., et al.

---

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Nicholas Huynh | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

## INTRODUCTION AND PROCEDURAL HISTORY

On July 27, 2026, Petitioner Wilian Alexander Leiva-Durate (A# 209-434-021) ("Petitioner"), a former immigration detainee currently released on bond and represented by counsel, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging a portion of his bond conditions. (Dkt. 1 at 2-4.) On August 4, 2026, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order (the "*Ex Parte* Application") seeking emergency relief from the challenged bond condition. (Dkt. 6.) On August 11, 2026, Respondents Ernesto Santacruz, Jr., Los Angeles Field Office Director for Immigration and Customs Enforcement ("ICE"), David Venturella, Acting Director of ICE, Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"), and Todd Blanche, Attorney General of the United States (collectively, "Respondents") filed an Answer to the Petition and Opposition to the *Ex Parte* Application (the "Answer"). (Dkt .8.) On August 14, 2026, Petitioner filed a Reply to the Answer (the "Reply"). (Dkt. 9.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



---

Petitioner's claims in this action relate to a prior action, Case No. EDCV 26-764-FLA-AJR (the "Prior Action"). In the Prior Action, the District Judge granted Petitioner's *Ex Parte* Application for Temporary Restraining Order on March 10, 2026, and enjoined Respondents from continuing to detain Petitioner unless he was provided with an individualized bond hearing before an immigration court, pursuant to 8 U.S.C. § 1226(a). (Case No. EDCV 26-764-FLA-AJR, Dkt. 11.) Petitioner's bond hearing proceeded on April 9, 2026, at which time Petitioner agreed to leave the United States by August 7, 2026, in exchange for release on a $10,000 bond. (Dkt. 1-6 at 3.) The April 9, 2026 Order of the Immigration Judge states:

> Granted. It is ordered that [Petitioner] be:
> released from custody under bond of $10,000.00
> other: [Petitioner] agreed and the [Immigration Judge] order[ed] [Petitioner] to depart the United States on or before August 7, 2026, or be re-detained.
> Alternatives to Detention per DHS Discretion.

(Dkt. 1-12 at 2.) Petitioner waived appeal of the April 9, 2026 Order. (Id. at 3.) Petitioner subsequently voluntarily dismissed the Prior Action. (Case No. EDCV 26-764-FLA-AJR, Dkt. 15.)

In this action, Petitioner contends that the condition in the April 9, 2026 Order that he "depart the United States on or before August 7, 2026 or be re-detained" is unlawful because "an IJ's custody-redetermination jurisdiction extends to deciding whether a noncitizen should be detained or released, and on what terms reasonably calculated to ensure appearance and protect the community—not whether and when he must leave the country." (Dkt. 1 at 3.) Petitioner further contends that this condition forces him to forfeit his pending appeal of a 2021 removal order, "because his departure would 'constitute a withdrawal of the appeal' by operation of 8 C.F.R. § 1003.4." (Id.) Petitioner expressly "does not challenge his release, the $10,000 bond (which has been posted, or his enrollment in ICE's Alternatives to Detention ('ATD') program." (Id. at 4.)

On September 14, 2026, the District Judge issued an Order Denying Petitioner's *Ex*

---

*Parte* Application for Temporary Restraining Order. (Dkt. 10.) The District Judge explained that Petitioner had not met his burden to justify emergency relief, that Petitioner is without fault in creating the crisis that requires emergency relief, or that the crisis occurred as a result of excusable neglect. (Id. at 3-4.) The District Judge also questioned whether there is jurisdiction to consider the claims in the Petition under 8 U.S.C. § 1226(e). (Id. at 4 n.2.)

## ANALYSIS

8 U.S.C. § 1226(e) provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." "That provision does not, however, preclude habeas jurisdiction over constitutional claims or questions of law." Hernandez v. Sessions, 872 F.3d 976, 987 (9th Cir. 2017) (internal quotation marks omitted). "Claims that the discretionary bond process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of [28 U.S.C.] § 2241." Id. (internal quotation marks and brackets omitted).

Here, Petitioner expressly does not challenge the bond process itself or the favorable portion of the April 9, 2026 Order of the Immigration Judge that granted his conditional release on bond. (Dkt. 1 at 4.) Instead, Petitioner challenges only the condition that he depart from the United States voluntarily, to which he agreed. (Id. at 3.) Thus, it appears that Petitioner is challenging a discretionary aspect of the bond hearing that the Court lacks jurisdiction to review. See, e.g., Slim v. Nielson, 2018 WL 4110551, at *5 (N.D. Cal. Aug. 29, 2018) (holding that the court lacked jurisdiction to review the petitioner's habeas claim because the petitioner did not "challenge the fairness of the bond hearing itself," but instead argued that the immigration judge erred in weighing the evidence and disagreed with the outcome of the bond process).

Petitioner is therefore **ORDERED TO SHOW CAUSE,** by **September 22, 2026**, why this action should not be dismissed for lack of jurisdiction. **Petitioner may satisfy this Order by filing a response setting forth any reason why this Court has jurisdiction to consider Petitioner's claims.** After Petitioner files a response, or if

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



---

Petitioner does not file a response by September 22, 2026, the Court will take the Petition under submission and issue a Report and Recommendation for the District Judge.

IT IS SO ORDERED.